**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CORA MADRID, ) | |
| ) | No. CIV 03-172 PCT RCB |
| Plaintiff, ) | |
| ) | O R D E R |
| vs. ) | |
| ) | |
| APACHE COUNTY, et. al., ) | |
| ) | |
| Defendants. ) | |

On May 20, 2003, Plaintiff filed an amended complaint alleging that (1) her former employer, Apache County (the "County"), had impermissibly retaliated against her for having filed a sexual harassment complaint and (2) her former supervisor, Melody Capps, had intentionally interfered with her employment relationship with the County. Am. Compl. (doc. # 5). On July 6, 2005, the Court issued an order granting in part Defendants' motion for summary judgment (doc. # 43) and disposing of Plaintiff's Title VII claim against the County. Order (doc. # 57). Plaintiff's intentional interference claim of against Capps is the only remaining claim. See id. A trial before this Court is scheduled to begin on June

12, 2006. Currently pending before the Court are Capps's four motions in limine (doc. ## 71-74), Plaintiff's motion in limine (doc. # 75), and Capps's motion for leave to file a sur-reply (doc. # 85) opposing Plaintiff's motion in limine. All motions have been fully briefed. Having carefully considered the arguments raised, the Court now rules.

**I.   BACKGROUND**

Plaintiff worked for the County from 1985 until her termination on February 23, 2001. Pl.'s Statement of Facts (doc. # 48) ("PSOF") ¶ 1. In February of 1997, Plaintiff complained to the County Manager that she had been sexually harassed by the County Human Resources Director. Id. ¶¶ 2-3. Thereafter, she was denied a position with the County's Adult Probation Department and instead was transferred to the County Assessor's Office. Id. ¶ 3. On March 7, 1997, Plaintiff filed a charge of discrimination against the County alleging sexual harassment and retaliation. Id. ¶ 4. Plaintiff alleges that the County Assessor retaliated against her further by taking such actions as instructing other employees not to talk with or help Plaintiff and assigning her menial duties. Id. ¶ 5. In February of 1998, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a reasonable cause determination letter and a notice of right to sue. Id. ¶ 6. However, she did not bring suit within the ninety-day time limit. Defs.' Statement of Facts (doc. # 44) ("DSOF") ¶ 4.

Plaintiff alleges that in November of 2000 she ran against Defendant Capps for the position of County Assessor. PSOF ¶¶ 7-8. Prior to the election, Capps exhibited hostility toward Plaintiff. Id. ¶ 9. Capps told others that if she was successful in the

-2-

election she would terminate Plaintiff.  Id. ¶ 10.  Capps was elected and took office in January of 2001.  Id. ¶¶ 7, 11-14.  On February 23, 2001, Capps terminated Plaintiff.  Id. ¶ 15.

Plaintiff appealed her termination pursuant to County policy.  See Resp. (doc. # 76), Ex. B.  On July 24, 2001, hearing officer Donna Grimsley, who has since become a Superior Court judge in Apache County, issued a report upholding her termination.  Id.  The hearing officer's report sets forth "factual findings" as well as "conclusions of law" in support of the decision.  Id.

Plaintiff alleges that Capps intentionally interfered with her contractual relationship with the County by terminating her in 2001.  Am. Compl. (doc. # 5).  A jury trial on this claim is set to commence on June 12, 2006.  In addition to her own testimony, Plaintiff expects to call former County employee Randy Andrews as a fact witness.  Pretrial Order (doc. # 69).  Andrews had apparently maintained a romantic relationship with Capps while he was employed by the County and, following his resignation, filed an EEOC claim against the County.  Andrews Dep. at 8:18-9:12, 101:23-102:7.  In addition to her own testimony, Capps expects to call Clarence Bigelow, Anna Prentice, and Doug Muell, Ph.D., an employee of the Arizona Counties Insurance Pool.  Pretrial Order (doc. # 69).

Capps has filed four motions in limine to preclude Plaintiff from eliciting testimony regarding, or making any reference to, the following matters: Andrews's EEOC claim (doc. # 71), the romantic relationship between Capps and Andrews (doc. # 72), Plaintiff's 1997 EEOC complaint and the circumstances surrounding her transfer to the County Assessor's Office (doc. # 73), and Arizona Counties Insurance Pool or the fact that defense witness Doug Muell, Ph.D.,

1  works for the insurance pool (doc. # 74).  Plaintiff opposes only
2  the latter two of these motions.  Resp. (doc. ## 77-80).
3      Plaintiff has filed one motion in limine (doc. # 75) to
4  preclude Capps from making any reference to her appeal of her
5  termination or to the hearing officer's determination with regard
6  to that appeal.  Mot. (doc. # 75).  Capps has requested leave to
7  file a sur-reply opposing this motion.  Mot. (doc. # 85).  The
8  Court considers each of these motions in turn.

**II.  DISCUSSION**

**A. Testimony Regarding Andrews's EEOC Claim**

Capps contends that testimony regarding Andrews's EEOC claim would not be relevant to Plaintiff's claim of intentional interference with employment relations and, therefore, should be excluded at trial.  Mot. (doc. # 71).  Plaintiff does not oppose this motion.  Resp. (doc. # 80).  Accordingly, Capps's motion will be granted.  Plaintiff may not elicit testimony regarding Andrews's EEOC claim.

**B. Romantic Relationship Between Capps and Andrews**

Capps argues that evidence of her romantic relationship with Andrews would also be irrelevant to the pending dispute and that Plaintiff should therefore be precluded from eliciting testimony regarding, or making any reference to, that relationship.  Mot. (doc. # 72).  As Plaintiff has no objections, see Resp. (doc. # 79), this motion will also be granted.

**C. Plaintiff's 1997 EEOC Complaint and the Circumstances Surrounding Her Transfer to the County Assessor's Office**

Capps claims that evidence of Plaintiff's 1997 EEOC complaint and the circumstances surrounding her transfer to the Assessor's

-4-

1  Office will be irrelevant to the sole issue proceeding to trial--
2  whether Capps intentionally interfered with Plaintiff's employment
3  relationship with the County.  Mot. (doc. # 73).  Alternatively,
4  Capps argues that the evidence should be excluded because its
5  probative value will be substantially outweighed by the danger of
6  unfair prejudice.  Id.

**1. Relevance**

Relevant evidence is presumptively admissible.  Fed. R. Evid. 402.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Plaintiff maintains that evidence of her 1997 EEOC complaint and transfer to the Assessor's Office will be relevant for two purposes.  First, it will explain why she was working in the Assessor's Office at the time she was terminated.  Second, she expects to demonstrate that defense witnesses Clarence Bigelow and Anna Prentice were hostile toward her as a result of her having filed an EEOC complaint, thereby establishing bias to challenge the witnesses' credibility. Resp. (doc. # 77) at 2.  Capps contends that the evidence must still be excluded because (1) the background information Plaintiff hopes to provide will not be relevant to any of the elements of the tort of intentional interference with employment relations and (2) "Plaintiff's desire to challenge the credibility of two witnesses does not make the subject evidence 'relevant.'"  Reply (doc. # 81) at 2.

To establish a prima facie case of intentional interference with business relations under Arizona law, Plaintiff must prove

-5-

that she had a valid contractual relationship, that Capps had knowledge of that relationship, that Capps intentionally interfered inducing or causing a breach or termination of the relationship, and that she was damaged as a result.  See Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 710 P.2d 1025, 1041 (1985) (citation omitted), superseded in part by Ariz. Rev. Stat. § 23-1501 (2003).  In addition, Plaintiff must show that Capps interfered with an improper motive as determined in consideration of the following seven factors:

> (a) the nature of the actor's conduct,
>
> (b) the actor's motive,
>
> (c) the interests of the other with which the actor's conduct interferes,
>
> (d) the interests sought to be advanced by the actor,
>
> (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
>
> (f) the proximity or remoteness of the actor's conduct to the interference and
>
> (g) the relations between the parties.

See id. at 1042-43 (quoting Restatement (Second) of Torts § 767) (1979).  Finally, as the Court previously noted, Plaintiff must prove that Capps acted outside the course and scope of her employment with the County.[1]  See Order (doc. # 57) at 11-13.

The Court finds that Plaintiff's background purposes are relevant because a meaningful presentation of the facts will

---

[1] Capps's motion (doc. # 73) only mentions the first four of these elements.

1 require context. Moreover, evidence of bias to attack a witness's
2 credibility is also relevant.

> Evidence helpful in evaluating the credibility of a witness is of consequence to the determination of the action. Evidence is relevant to a matter of consequence to the determination of the case if it has a mere tendency to impeach a witness' credibility by a showing of bias or coercion.

United States v. Hankey, 203 F.3d 1160, 1171 (9th Cir. 2000); see also United States v. Abel, 469 U.S. 45, 51 (1984) (Rehnquist, J.) ("[I]it is permissible to impeach a witness by showing his bias under the Federal Rules of Evidence just as it was permissible to do so before their adoption.").

**2. Unfair Prejudice**

Even if relevant, Capps argues that evidence of Plaintiff's 1997 EEOC claim and her transfer to the Assessor's Office may be excluded at trial "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Capps's motion relies solely on the assumption that "such testimony is not germane to the determination of the necessary elements," and does not mention which Rule 403 concerns are to be averted See Mot. (doc. # 73) at 2-3. In her reply, she explains for the first time that the EEOC's reasonable cause determination could confuse the issues and mislead the jury by drawing attention to the allegations of sexual harassment which are not at issue in this case. Reply (doc. # 81) at 2-3. The Court agrees. In the absence of an evidentiary link between Capps's conduct and the fact of the EEOC's reasonable cause determination as to Plaintiff's 1997 claim, the probative value of the determination would be so slight as to be

substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury.

Capps's motion in limine (doc. # 73) will be granted in part and denied in part. Plaintiff will be precluded from introducing, or making any reference to, the EEOC reasonable cause determination.[2] For background purposes, the Court will allow a brief indication of the fact that (1) charges of sexual harassment and retaliation, apparently unrelated to Capps, were filed with the EEOC on March 7, 1997 in connection with alleged conduct occurring in the County's Human Resources Department, (2) in February of 1997, Plaintiff complained to the County Manager regarding that alleged conduct, and (3) following her complaint to the County Manager, Plaintiff applied for and was denied a position with the County's Adult Probation Department and was subsequently transferred to the County Assessor's Office, apparently by decision of the County Board of Supervisors. No extensive discussion of the EEOC claim will be permitted for background purposes. The parties may wish to consider a stipulation to be read to the jury. Any

---

[2] The Court is aware that in Title VII cases the Ninth Circuit has considered the EEOC's reasonable cause determinations to be per se more probative than prejudicial, essentially precluding Rule 403 balancing in most instances. See Plummer v. W. Int'l Hotels Co., Inc., 656 F.2d 502, 505 (9th Cir. 1981); see also Michael D. Moberly, Admission Possible: Reconsidering the Impact of EEOC Reasonable Cause Determinations in the Ninth Circuit, 24 Pepp. L. Rev. 37, 44-49 (1996) (reviewing Ninth Circuit law regarding admissibility of EEOC reasonable cause findings). However, the Court concludes that it has discretion in this case to exclude the EEOC's reasonable cause determination under Rule 403 notwithstanding Plummer, because this is no longer a Title VII action. See Order (doc. # 57) at 15 (granting summary judgment for Defendant on Plaintiff's Title VII claim against the County). The only claim proceeding to trial is for intentional interference with employment relations, making the narrow rule set forth for Title VII claims in Plummer inapplicable. See id.

1  further elaboration of these circumstances, which may be admitted
2  for impeachment purposes against Clarence Bigelow and Anna
3  Prentice, will be subject to a limiting instruction pursuant to
4  Rule 105 that the evidence relates only to the witnesses'
5  credibility and may not be considered in determining Plaintiff's
6  claim against Capps.  The parties shall have until the close of the
7  first day of trial to submit a proposed limiting instruction.

**D. Arizona Counties Insurance Pool and Its Employment of Doug Muell, Ph.D.**

10  Based on Rules 401, 402, and 403, Capps also seeks to preclude
11  Plaintiff from eliciting testimony about, or making any reference
12  to, Arizona Counties Insurance Pool or the fact that defense
13  witness Dr. Muell works for the insurance pool.  Mot. (doc. # 74)
14  at 2-3.  Plaintiff responds that any such reference would not be
15  for a prohibited purpose, but for the purpose of proving bias to
16  attack the witness's credibility in a manner permitted by Rule 411.
17  Resp. (doc. 78) at 2.

18  As discussed above, evidence of bias to attack a witness's
19  credibility is relevant.  See Abel, 469 U.S. at 51; Hankey, 203
20  F.3d at 1171.  While proof of the fact that a party did or did not
21  have liability insurance is generally inadmissible, it may be
22  admitted for the limited purpose of proving a witness's bias or
23  prejudice.  Fed. R. Evid. 411; see also Conde v. Starlight I, 103
24  F.3d 210, 214 (1st Cir. 1997) (". . . Rule 411 does permit mention
25  of insurance coverage, not to prove negligence, but collaterally to
26  show the possible bias or prejudice of a witness.") (internal
27  quotations and citations omitted); Charter v. Chleborad, 551 F.2d
28  246, 249 (8th Cir. 1977) (reversing district court for refusal to

- 9 -

allow testimony regarding insurance because fact that witness was employed by defendant's insurer was admissible under Rule 411 to show witness's possible bias); cf. Zanetti Bus Lines, Inc. v. Hurd, 320 F.2d 123, 129 (10th Cir. 1963) (stating that on cross-examination jury was entitled to hear about interest of person to whom plaintiff's witness had made a statement, i.e., that listener of that statement represented an insurance company); but cf. Larez v. Holcomb, 16 F.3d 1513 (9th Cir. 1994) (reversing and remanding for new trial due to district court's inappropriate instruction advising jury to consider defendant's indemnification by City specifically for the purpose of assessing damages).

Plaintiff's purpose in eliciting testimony about Dr. Muell's employment by Arizona Counties Insurance Pool to establish bias is highly probative to the witness's credibility. The Court is not convinced by Capps's unelaborated assertion that the probative value of this evidence going to the witness's credibility is so substantially outweighed by the danger of unfair prejudice that it must be excluded.

Capps's motion in limine (doc. # 74) will therefore be denied. Plaintiff may make a limited inquiry into Dr. Muell's employment by Arizona Counties Insurance Pool for impeachment purposes, subject to a limiting instruction pursuant to Rule 105 that the evidence relates only to the witness's credibility and may not be considered in determining Plaintiff's claim against Capps. The parties shall have until the close of the first day of trial to submit a proposed limiting instruction.

. . .

**E. Plaintiff's Appeal of Her Termination and the Hearing Officer's Determination**

Plaintiff has filed one motion in limine to preclude Capps from making any reference to her appeal of her termination or to the hearing officer's determination with regard to that appeal. Her motion is based on the following grounds: (1) the hearing officer lacks personal knowledge to testify to such matters, Fed. R. Evid. 602, (2) such testimony will not be relevant to the issues raised by Plaintiff's claim of intentional interference, Fed. R. Evid. 401, 402, and (3) the probative value of such evidence will be substantially outweighed by the danger of unfair prejudice and confusion of the issues, Fed. R. Evid. 403.  Mot. (doc. # 75).

**1. Personal Knowledge**

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  On this foundational issue, Capps argues that it is sufficient for the hearing officer to have had first hand knowledge of the statements made by witnesses who in turn had first hand knowledge of the matters set forth in her report.  Resp. (doc. # 76) at 4-5.  The Court accepts Capps's explanation, but takes note that her argument implicitly acknowledges that the report would constitute hearsay.

**2. Relevance**

The upcoming trial involves a single claim of intentional interference with business relations.  The elements of that claim are set forth in Part II.C.1, supra.  Plaintiff maintains that the issues that must be decided in resolving that claim are different from the issues that were decided on the appeal of her termination.

- 11 -

Mot. (doc. # 75) at 3. Capps points out that the evidence will be probative to the issues of (1) whether she had acted with an improper motive and (2) whether she had acted outside the course and scope of her employment. See Resp. (doc. # 76) at 5-6. Plaintiff's reply offers no rejoinder on the issue of relevance. Reply (doc. # 83). The Court accepts Capps's theory of relevance. The fact that the hearing officer did not specifically address a claim of intentional interference does not dispel the relevance of her report as it relates to the elements the jury must consider in evaluating Plaintiff's claim.

**3. Unfair Prejudice**

Plaintiff urges that, even if the fact of her appeal and the hearing officer's determination were found to be relevant, such evidence should be excluded at trial because its probative value will be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Mot. (doc. # 75) at 3-4. Capps raises two arguments in response.

First, Capps invokes the hearsay exception of Rule 803(8)(C) for public records and reports, apparently in an effort to show that the Federal Rules of Evidence specifically contemplate and invite the admission of evidence such as the hearing officer's report. Resp. (doc. # 76) at 2-4. She suggests that, under Plaintiff's Rule 403 argument, "no public report would ever come into evidence, effectively eviscerating Rule 803(8)(C)." Resp. (doc. # 76) at 9. The Court disagrees. The balancing test of Rule 403 is well suited to distinguishing between admissible and inadmissible reports. Indeed, it would be more limiting to allow the unflinching application of a narrow hearsay exception to

- 12 -

"eviscerate" the Court's discretionary powers under Rule 403.  Cf. United States v. MacDonald, 688 F.2d 224, 230 (4th Cir. 1982) (although otherwise admissible under Rule 803(8)(C), report was properly excluded where it would confuse the issues and distract jury from ultimate issue of case).

Second, Capps contends that "Plaintiff's Rule 403 argument assumes that the Hearing Officer's findings are irrelevant or marginally relevant." Id.  This may be, but does not render Plaintiff's Rule 403 argument meritless.  The evidence may be probative, but the danger of unfair prejudice is manifest.  The determinative nature of the report greatly increases the possibility of prejudicing the jury.  The jury may find it difficult to independently evaluate evidence of Capps's conduct when presented with a report that purports to have examined the same evidence and found no impropriety.  This danger is made more palpable by the manner in which the report is fashioned in the style of a judicial opinion, complete with pleading caption, "findings of fact," and "conclusions of law."  See id., Ex. B.  Finally, the hearing officer's acknowledgment that her findings were made in the face of "hotly contested facts" further underscores the importance of preserving those issues for the jury, untinctured by evidence donning the mantle of judicial authority.  See id., Ex. B at AC001055.

In light of the foregoing considerations, Plaintiff's motion in limine (doc. # 75) will be granted in part and denied in part.  The Court will allow a brief indication of the fact that (1) Plaintiff appealed her termination pursuant to County policy and (2) her termination was upheld after a hearing.  Again, the parties

may wish to consider a stipulation to be read to the jury.  The hearing officer may not be called to testify, and any further elaboration as to the hearing officer's name, title, or the contents of her report will not be permitted unless, in the context of the evidence presented at trial, Plaintiff should desire that the report be admitted.

### F. MOTION TO FILE SUR-REPLY

Although Plaintiff's motion in limine (doc. # 75) raises no hearsay objection, Capps's response relies heavily on the hearsay exception of Rule 803(8)(C) for public records and reports.  Resp. (doc. # 76) at 2-4.  Plaintiff's reply attempts to demonstrate why Rule 803(8)(C) should not apply.  See Reply (doc. # 83) at 1-2.  As a result, Capps now seeks leave to file a sur-reply addressing Plaintiff's Rule 803(8)(C) arguments.  Mot. (doc. # 85).

In the absence of a hearsay objection by Plaintiff, any consideration of the applicability of a hearsay exception is premature.  Moreover, the hearing officer's report, which would arguably have constituted hearsay, will be largely excluded for the Rule 403 reasons set forth in Part II.E.3, supra.  Accordingly, Capps's motion for leave to file a sur-reply (doc. # 85) will be denied and dismissed as moot.

### III. CONCLUSION

In light of the forgoing analysis,

IT IS ORDERED that Defendant's motion in limine to preclude Plaintiff from eliciting testimony regarding the EEOC claim Randy Andrews filed (doc. # 71) is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion in limine to preclude Plaintiff from eliciting testimony regarding, or making

- 14 -

1  any reference to, the romantic relationship between Melody Capps
2  and Randy Andrews (doc. # 72) is GRANTED.

3      IT IS FURTHER ORDERED that Defendant's motion in limine to
4  preclude Plaintiff from testifying about, or making any reference
5  to, her 1997 EEOC complaint and the circumstances surrounding her
6  transfer to the Assessor's Office (doc. # 73) is GRANTED in part
7  and DENIED in part.  Such evidence may be admitted in a manner
8  consistent with this order.

9      IT IS FURTHER ORDERED that Defendant's motion in limine to
10 preclude Plaintiff from eliciting testimony, or making any
11 reference to, Arizona Counties Insurance Pool or the fact that Doug
12 Muell, Ph.D., works for the insurance pool (doc. # 74) is DENIED.
13 Such evidence may be admitted in a manner consistent with this
14 order.

15     IT IS FURTHER ORDERED that Plaintiff's motion in limine to
16 preclude any reference to Plaintiff's appeal of her termination or
17 the hearing officer's determination (doc. # 75) is GRANTED in part
18 and DENIED in part.  Such evidence may be admitted in a manner
19 consistent with this order.

20     IT IS FURTHER ORDERED that Defendant's motion for leave to
21 file a sur-reply (doc. # 85) is DENIED and dismissed as moot.

22     IT IS FURTHER ORDERED that the parties shall have until the
23 close of the first day of trial to submit proposed limiting
24 . . .

1  instructions contemplated by Parts II.C and II.D of this order.
2      DATED this 9th day of May, 2006.

```
                    _____
                    Robert C. Broomfield
                    Senior United States District Judge
```

9  Copies to counsel of record